In the Matter of the OSTEOPATHIC HOSPITAL ASSOCIATION OF DELAWARE.

*February 13, 1964.*

*Ernest S. Wilson, Jr.,* of Wilson & Lynam, Wilmington, for petitioner, Edward J. Hill, and The Osteopathic Hospital Assn. of Del.

*David F. Anderson,* of Berl, Potter & Anderson, Wilmington, for intervenors.

SEITZ, Chancellor: This decision determines, subject to appeal, the duly elected trustees (as well as new members) of the Osteopathic Hospital Association of Delaware, a Delaware corporation. This is

the latest round in the internecine struggle for control of that corporation.

This litigation arose on a petition requesting the court to order an election of trustees. The court delayed the order, admittedly appropriate, until it determined certain questions as to voting rights of certain individuals. The court struck down one provision in the 1961 by-laws but held in effect that they were otherwise validly adopted. See In the matter of *The Osteopathic Hospital Association of Del., ante* p. 206, 191 *A.2d* 333, *affirmed, ante* p. 369, 195 *A.2d* 759. After disposition of the appeal, a master was appointed to conduct the election of the Board of Trustees. The election resulted in the filing of slates by two factions which I shall identify by the names of the attorneys representing them. The master determined that the Anderson slate received 18 votes, while the Wilson slate received 17 votes. Both factions filed exceptions to the master's report and this is the decision after hearing thereon.

The Wilson objectors contend that the master improperly rejected four votes cast for their faction (McKelvie, Lipscomb, Sikorski and Allen). Admittedly all four failed to comply with one or more provisions of the corporation's by-law (*Article* III, 1(*B*) (1)) defining "voting members"; three failing to pay the $1,000.00 assessment and the fourth, as well as one or more of the first three not belonging to one or both of the stipulated professional societies. The Wilson objectors say that each of the four complied with all the conditions operative at the times they became members. Since the conditions which the four did not meet at the date of the meeting were either not in effect when they became members of the corporation ($1,000.00 assessment) or were fulfilled as of that time (membership in the two societies), they cannot be made applicable to them by testing their status at the time the election was held. They say that the decision of the master making such requirements applicable to the four constituted an impermissible "expulsion" from membership, there being no provision so authorizing in either the certificate or by-laws.

I believe the law and certificate permitted those adopting the by-laws to impose additional reasonable conditions precedent to the right to be voting members. Compare 4 *Am.Jur., Associations*

*and Clubs,* § 10. The conditions here involved would appear to be reasonable. Clearly, they are continuing conditions applicable to all members who would vote, as the wording of Article II, Sec. 1(D) makes evident. Those who become members prior to the adoption of the 1961 by-law had no vested right to prevent reasonable changes in the condition precedent to future voting membership. The right to amend was clearly reserved. Nor does the operation of the by-law amount to an "expulsion" in the generally accepted meaning of that term. We are here concerned only in determining which members had a right to vote at the meeting date.

I conclude that the master properly declined to count the votes of the four directors who admittedly had not fulfilled all the 1961 by-law requirements for voting members. This leaves the vote at 18 to 17 in favor of the Anderson faction.

I next consider the Anderson faction's exception to the master's refusal to count the votes of two doctors (Davis and Hobbs) who voted for them. The votes were not counted because the governing corporate by-law provided, inter alia, that to be a member the doctor must also be a member "in good standing in the Delaware State Osteopathic Society", and the master found in effect that they had not been elected to that Society.

The facts are these: The Constitution of the Society (an unincorporated association) provides, inter alia, that new members are to "be elected in the manner provided by the By-Laws". The by-laws provide under the membership heading that application for membership shall be made in writing to the Society and approved by the Society. Under a by-law heading entitled "Board of Trustees", it is provided in pertinent part:

> "Section 1. The Boards of Trustees shall transact all the business of the society between the Annual sessions, at the meeting coincident with the Annual session of the Society, and at other times on the call of the President, and shall make all arrangements for the Annual meeting and shall appoint all Standing and Special Committees not otherwise provided for in the By-Laws and shall fill by appointment any vacancy occurring in its own

membership or any other office until the time of the next meeting of the Society."

"* * * The Board of Trustees shall report its recommendations and actions at the regular meetings."

It appears that on September 20, 1963, the two doctors in question were elected to membership by action of the Board of Trustees of the Society. Admittedly they were not elected by the membership at large. The Wilson faction contends that under the by-laws only the Society membership could elect. They emphasize the importance to members of the power to control the admission of new members. This may of course be so but the by-law plainly says that the Board of Trustees shall transact *all* the business of the society between annual sessions. The court does not feel that it can here engraft an exception on this broad language under the guise of construction, where it is not even claimed that such a construction would be legally unreasonable. Add to this the fact that these two doctors plus at least one other (in 1961) were elected by the board, and you have a reasonable practical basis for construing the by-laws to authorize the board to admit members. Under these circumstances the result is not altered because members may generally have been elected by the membership. Finally, the provision authorizing the board to fill vacancies thereon or otherwise does not limit the broad power given the board in other areas.

I conclude that the by-law of the Society authorized the board to elect members between annual meetings. My conclusion means that the two votes should have been counted. This increases the vote of the Anderson faction to 20 and leaves the vote of the Wilson faction at 17.[1] In fairness to the master the full facts on this point were not presented to him.

I next consider the Wilson exception to the fact that the master counted the votes of three doctors (Tini, Gerber and Luongo). Al-

1. I therefore need not consider the alternative argument of the Anderson faction that if these two votes were properly not counted by the master then it was error to count the vote of Dr. Scott in favor of the Wilson faction, it being conceded that this vote was subject to the same alleged infirmity.

legedly they should not have been counted because such doctors had not met the condition to membership provided in Article II, Section 1(B) (1) of the 1961 by-laws that they be "practicing in the State of Delaware". The quoted provision was not in the 1955 by-laws which had been used as the basis of the order providing for the election and so the master very properly did not consider this objection. It is now agreed that the 1961 by-laws were controlling and that this provision was a prerequisite to the right to vote.

I first consider the case of Dr. Gerber. He admittedly had a certificate from this State authorizing him to practice his profession as well as an occupational license. He consulted with, treated and operated on numerous Delaware residents at the hospital. His phone was listed in the local directory. It is true that he had an office in Philadelphia but not in Delaware. This is not decisive, as counsel concedes. Nor does the fact that he did not file tax returns, as a non-resident, as required by 30 *Del.C.* § 1187, though a criminal offense, 30 *Del.C.* § 1184, show that he was not practicing in Delaware. It is relevant to the issue but I find that the overall evidence shows that Dr. Gerber was practicing in Delaware at the pertinent time within the meaning of the by-law.

This means that Dr. Gerber's vote was properly considered. Thus, the Anderson faction was elected even if we assume that the Wilson objectors are correct in their contention, by no means free from doubt, that the other two doctors whose votes were counted were not entitled to be treated by the court as practicing in Delaware because they admittedly did not have the statutory occupation license (30 *Del.C.* §§ 2101, 2103) required annually by the State. I say this because the Anderson faction would still prevail 18 to 17 without counting these two votes. Thus, I do not decide this question posed as to the validity of the votes cast by the other two doctors.

I therefore conclude that the Anderson slate was duly elected for the terms indicated and the same is true of their membership slate.

Present order on notice.